**JONES TRUCK LINES, INC., Plaintiff,**

v.

**UNITED STATES of America and Interstate Commerce Commission, Defendants,**

**Beaufort Transfer Co., Intervening Defendant.**

**No. F 70–C–12.**

United States District Court,
W. D. Arkansas,
Fayetteville Division.

Jan. 6, 1971.

James B. Blair, Crouch, Blair, Cypert & Waters, Springdale, Ark., for plaintiff.

Bethel B. Larey, U. S. Atty., Fort Smith, Ark., for the United States.

Peter A. Fitzpatrick, Atty., Washington D. C., for I.C.C.

Lynn F. Wade, Fayetteville, Ark., for intervening defendant.

Before MEHAFFY, Circuit Judge, HARRIS, Chief District Judge, and WILLIAMS, District Judge.

## MEMORANDUM OPINION

OREN HARRIS, Chief District Judge.

This litigious proceeding presents a threshold question of first impression with respect to the construction and application of section 205(a) of the Motor Carrier Act of 1935, as amended, Part II of the Interstate Commerce Act, 49 U.S.C.A. § 305(a).

The action arises upon the complaint of the plaintiff, Jones Truck Lines, Inc.,

for review of administrative action of the Interstate Commerce Commission. Jurisdiction and venue are based on sections 205(g), (h) and 17 of the Interstate Commerce Act, 49 U.S.C.A. §§ 305 (g), (h) and 17, and 28 U.S.C.A. §§ 1336 (a); [1] 1398(a); [2] 2284; [3] and 2321–2325.[4]

Plaintiff seeks an order of the court enjoining, suspending, setting aside and annulling an order of the Interstate Commerce Commission issued February 26, 1969, an order of Review Board Number 2 of the Interstate Commerce Commission issued October 29, 1969, and an order of Division 1 of the Interstate Commerce Commission, acting as an Appellate Division, issued April 29, 1970, in Docket No. MC–78400. These orders (1) scheduled the application of Beaufort Transfer Company, Gerald, Missouri, in Docket No. MC–78400 (Sub-No. 26) for handling under the Commission's modified procedure for submission by verified statements of the parties deferring any action on preliminary motion and request for cross-examination of witnesses or for other relief until after all verified statements are filed, (2) recommended application of Beaufort Transfer Company

---

1. 28 United States Code § 1336(a):

   "§ 1336. *Interstate Commerce Commission's orders*

   (a) Except as otherwise provided by Act of Congress, the district courts shall have jurisdiction of any civil action to enforce, enjoin, set aside, annul or suspend, in whole or in part, any order of the Interstate Commerce Commission."

2. 28 United States Code § 1398(a):

   "§ 1398. *Interstate Commerce Commission's orders*

   (a) Except as otherwise provided by law, any civil action to enforce, suspend or set aside in whole or in part an order of the Interstate Commerce Commission shall be brought only in the judicial district wherein is the residence or principal office of any of the parties bringing such action."

3. 28 United States Code § 2284(1):

   "§ 2284. *Three-judge district court, composition; procedure*

   (1) The district judge to whom the application for injunction or other re-

lief is presented shall constitute one member of such court. On the filing of the application, he shall immediately notify the chief judge of the circuit, who shall designate two other judges, at least one of whom shall be a circuit judge. Such judges shall serve as members of the court to hear and determine the action or proceeding. * * *"

4. 28 United States Code §§ 2321–2325:

   "*CHAPTER 157—INTERSTATE COMMERCE COMMISSION ORDERS: ENFORCEMENT AND REVIEW*

   Sec.
   2321. *Procedure generally; process.*
   2322. *United States as party.*
   2323. *Duties of Attorney General; intervenors.*
   2324. *Stay of Commission's order.*
   2325. *Injunction; three-judge court required.*"

Extension—Lamar, Missouri, as included in report of the Commission Review Board Number 2 in its report and order of October 24, 1969, and (3) approval of recommended application as included in the report and order of the Commission Review Board Number 2 by Division 1, acting as an Appellate Division of the Interstate Commerce Commission. In short, these orders inter alia, denied plaintiff's request for oral hearing and cross-examination of witnesses and held that public convenience and necessity require operation by Beaufort Transfer Company as a common carrier of motor vehicles of commodities between Belle, Mo., and Lamar, Mo.

Defendants are the United States of America and the Interstate Commerce Commission (hereinafter "Commission"). The Commission, inter alia, is vested with the duty and responsibility of administering the Motor Vehicle Act, Part II Interstate Commerce Act, 49 U.S.C.A. § 301, et seq. The plaintiff, Jones Truck Lines, Inc., (hereinafter "Jones") is an Arkansas corporation with its principal office and place of business in Springdale, Arkansas. Jones operates under a certificate of public convenience and necessity issued by the Commission as a motor common carrier of general commodities with usual exceptions between numerous points in Arkansas, Illinois, Kansas, Missouri, Oklahoma and Texas, and especially relevant herein, be-

tween such numerous points and the point of Lamar, Mo.

Beaufort Transfer Company, intervenor defendant, has been operating a limited interstate service authorized by the Interstate Commerce Commission between St. Louis, Mo., and Lamar, Mo. On December 11, 1968, Beaufort sought to expand its service by filing an application with the Commission for common carrier operating authority to transport general commodities between Belle, Mo., and Lamar, Mo. The application was published in the Federal Register on January 3, 1969, which resulted in protest by competing truckers, including Jones Truck Lines, plaintiff herein.

The first order in connection with the application was issued by a Commissioner on behalf of the Commission that the proceeding be handled under the Commission's modified procedure. All parties, including Jones, were advised of this action.

The Commission claims that in assigning the application to an appropriate forum for determination the Commission was guided by its "general policy statement concerning motor carrier licensing procedures" published May 3, 1966. 49 C.F.R. 1100.247.[5]

In accordance with the policy statement, the Commission promulgated regulations for purposes of application un-

---

5. 49 C.F.R. 1100.247:

"In processing the motor carrier caseload, the scheduling of unnecessary oral hearings will be avoided to the extent possible. Where the issues presented are well defined or where the matters involved are not of sufficient moment to justify the expense of an oral hearing, parties will be required to submit their evidence in the form of verified statements under the modified procedure, and the issuance of an initial report by a hearing officer will be dispensed with. Oral hearings for the sole purpose of cross-examination will be scheduled only where material facts are in dispute.
* * *
"All unopposed applications will be assigned directly to the Commission's

Operating Rights Board, as is done at present. Where the necessary supporting information has not been filed with the application, an order will be entered calling for the filing of the necessary supporting verified statements, after which the case will be disposed of by that Board.
"All opposed applications will be placed either on the hearing docket or the modified procedure docket. To the hearing docket will be assigned the more complex cases, and those which, for one reason or another, might be handled more expeditiously and effectively with an oral hearing. Applications placed on the hearing docket will be processed through oral hearing and the issuance of a report and recommended order."

der its reference "modified procedure". 49 C.F.R. 1100.45–1100.54. These rules and regulations provide for the submission of evidence in connection with an application in the form of verified statements (affidavits) of facts by all interested parties. 49 C.F.R. 1100.49. Where a material fact is placed in dispute, modified procedure provides that cross-examination is limited to those specific issues alone. 49 C.F.R. 1100.53. The rule further provides that once an application is assigned for modified procedure and a report issued by an appropriate commission board, opportunity is provided for an appeal from that decision to a division of the commission acting as an appellate division. 49 C.F.R. 1100.54. After a review by a three-member division of the Commission by the Appellate Division a final order is issued on the application.

No question is presented here as to the validity of the Commission's modified procedure on appropriate applications. It is well established the Commission is authorized to issue rules and regulations only as provided by the statute. Interstate Commerce Act, Part I, 49 U.S.C.A. §§ 12, 17; Interstate Commerce Act, Part II (Motor Carriers), 49 U.S.C.A. §§ 305, 310(a), 312.

The plaintiff, Jones, filed a protest to the order of the Commissioner assigning the application of Beaufort for determination under the Commission's established modified procedure. Jones claims that this action is contrary to the requirements of the statute and that under section 205(a) of the Interstate Commerce Act, Part II, 49 U.S.C.A. § 305(a),[6] it was mandatory that the Commission refer the application to a joint board selected from the state involved since the application involved not more than three states. Jones also contends, and it is undisputed, that the matter of Beaufort's application involves only one state, Missouri.

In filing the complaint and motion for preliminary injunction, Jones requested a three-judge court be designated to hear and determine the matter under appropriate provision of the code. 28 U.S.C.A. § 2284. On May 27, 1970, a three-judge court was designated by Chief Judge Martin D. Van Oosterhout,

---

6. 49 United States Code § 305(a):

"§ 305. *Administration—Joint boards; composition; references of matter to boards*

(a) The Commission *shall*, when operations of motor carriers or brokers conducted or proposed to be conducted involve not more than three States, and the Commission may, in its discretion, when operations of motor carriers or brokers conducted or proposed to be conducted involve more than three States, refer to a joint board for appropriate proceedings thereon, any of the following matters arising in the administration of this chapter with respect to such operations as to which a hearing is required or in the judgment of the Commission is desirable: Applications for certificates, permits, or licenses; * * * The joint board to which any such matter is referred shall be composed solely of one member from each State within which the motor-carrier or brokerage operations involved in such matter are or are supposed to be conducted: Provided, That the Commission may designate an examiner or examiners to advise with and assist the joint board under such rules and regulations as it may prescribe. In acting upon matters so referred, joint boards shall be vested with the same rights, duties, powers, and jurisdiction as are hereinbefore vested in members or examiners of the Commission to whom a matter is referred for hearing and the recommendation of any appropriate order thereon: Provided, however, That a joint board may, in its discretion, report to the Commission its conclusions upon the evidence received, if any, without a recommended order. Orders recommended by joint boards shall be filed with the Commission, and shall become orders of the Commission and become effective in the same manner, and shall be subject to the same procedure, as provided in the case of orders recommended by members or examiners under section 17 of this title. If a joint board to which any matter has been referred shall report its conclusions upon the evidence without a recommended order, such matter shall thereupon be decided by the Commission, giving such weight to such conclusions as in its judgment the evidence may justify."

of the Eighth Circuit. On August 13, 1970, the court permitted Beaufort Transfer Company to intervene as a party defendant.

Pursuant to regular notice a hearing was scheduled in Fort Smith, Arkansas, for September 10, 1970. The parties were requested to submit written briefs setting forth their contentions and authorities on which they rely. At the hearing on September 10, the parties stipulated that the matter would be submitted on the record, which included the pleadings, affidavits, briefs and arguments of counsel.

The primary question for determination is whether the Commission was required by the statute under section 305 (a) of the Motor Carriers Act to refer the application to a joint board composed of a representative of the board of the state from its own membership or otherwise of the State of Missouri for appropriate proceedings as specifically provided by Congress. Section 305(b) of the Motor Carriers Act provides for the creation of joint boards, rules and procedures by which they are governed, nomination for membership and procedure on failure of the joint board of the state to act.[7] Subsection (b) further provides procedure by the Commission if no state board is appointed or if appointed, waives action on any matter referred to it, or if the joint board fails or refuses to act or is unable to agree upon any matter submitted to it within 45 days after the matter is referred to it, or such other period as the commission may authorize. There is nothing in this record and there is no contention that Missouri does not have an appropriate state board. There is nothing in this record or even contended that the state

board would fail to act if the application were referred to it.

The Commission contends that its action in assigning the Beaufort application for modified procedure is within its authority under the provision of the Motor Carriers Act, 49 U.S.C.A. § 301, et seq., and it was, therefore, not required to refer the application to the appropriate joint board of the State of Missouri.

No case has been cited by either party on the primary issue applicable herein construing section 305(a), supra, as to the mandatory requirement of submitting an application to a joint board of the member state where only three or less states are involved and no other application or question included.

No order of the Commission on any application for service has been cited wherein the Commission construed this provision of the section of the Act involved under similar circumstances as the instant case. We know of no case involving the issue decided by the courts or any order of the Commission directly on this issue.

In its order of April 29, 1970, affirming the order of Review Board Number 2 October 24, 1969, based on its findings under modified procedure Division 1 acting as an Appellate Division of the Interstate Commerce Commission concluded, inter alia, that upon consideration of the record in the above entitled proceedings, and of:

(1) Joint petition of Jones Truck Lines, Inc., and Gaylord Hill, doing business as Hill's Truck Lines, protestants, filed November 20, 1969, for reconsideration, or for referral of the

---

7. 49 United States Code § 305(b):

"Whenever there arises in the administration of this chapter any matter that the commission is required to refer to a joint board, * * *, a joint board shall consist of a member from each state in which the motor carrier or brokerage operations involved are or are proposed to be conducted. The member from such state shall be nominated by the board of such state from its own membership or otherwise; * * *. All decisions and recommendations by joint boards shall be by majority vote: Provided, however, That in any matter where only one member shall participate in a hearing such member shall constitute a quorum and make recommendation of an order thereon. * * * *"

proceeding to an appropriate joint board;

The request for referral to a joint board was denied and the Commission affirmed the Review Board's modified procedure order in accordance with the applicable provisions of the General Policy Statement Concerning Motor Carrier Licensing Procedures, notwithstanding the fact that the lengthy report filed by Review Board Number 2 recites controversial and contradictory facts presented by the parties in this manner by verified statements. The report includes highly controverted facts by the parties on which is the basis of findings without advisory proceedings. It is quite evident from the record and the court so holds that material facts are in dispute,[8] which in accordance with the General Policy Statement relied upon by the Commission would require a hearing.

However, the question here is not one involving due process requiring "Trial-Type" hearing or what the Commission refers to as an "oral" hearing for the purpose of cross-examining adjudicating material facts clearly in dispute or whether there was substantial evidence to support the Review Board's findings. The question as stated, supra, is the right of the Commission to refer the proceeding under its modified procedure established by rule and regulation or mandatory requirement of the statute, Section 305(a), for referral to joint board.[9]

The defendants, United States and Commission and intervening defendant, Beaufort, contend, inter alia, that the construction of Section 205(a) of the Interstate Commerce Act, 49 U.S.C.A. § 305(a), is entitled to great weight on review. We agree, provided its construction of the statute is not so obviously contrary to the plain language of the statute and therefore without rational basis for its action.

"To sustain the Commission's application of this statutory term, we need not find that its construction is the only reasonable one or even that it is the result we would have reached had the question arisen in the first instance in judicial proceedings." Udall v. Tallman, 380 U.S. 1, 16, 85 S.Ct. 792, 801, 13 L.Ed.2d 616, cases cited therein. However, the court went on to say, "When the construction of an administrative regulation rather than a *statute* is in issue, deference is even more clearly in order." Page 16, 85 S.Ct. page 801. It is thus made clear that construction given in an administrative proceeding must give way to the clear mandate of a statute.

The government further contends that the scope of review of orders of its administrative agencies is well defined and narrowly limited. We agree. We are confined to determining whether there is warrant in the law and the facts for the Commission's action. Quickie Transport Company v. United States, D.C., 169 F.Supp. 826, 827. If the Commission's action is warranted in the law, this court cannot substitute its judgment for that of the Commission or challenge the wisdom of the Commission's action. United States v. Pierce Auto Freight Lines, 327 U.S. 515, 66 S.Ct. 687, 90 L.Ed. 821; Patterson v. United States, D.C., 178 F.Supp. 771, 773–774, cases cited therein.

In its contention that the application was not required to be referred to a joint board for determination, the government places substantial reliance on the Commission's construction of cutting down on unnecessary hearings as fully consistent with the legislative purposes of the statutory mandate, section 205(a) of the Interstate Commerce Act. It

---

8. See report of Review Board Number 2 composed of employees of the Commission accompanying the Board's order October 24, 1969; affidavit of W. J. Wiseman May 21, 1970, supporting motion for preliminary injunction.

9. The Joint Board composed of representatives of states as provided by the statute should not be confused with Review Boards of the Commission composed of its employees.

also attempts to relate the provisions of section 205(a) with certain other subsections of the Interstate Commerce Act. These contentions are misplaced.

Since there is no case precedent or commission precedent on the construction of this section as to the issue of reference, we turn to the legislative history to determine if the Commission's action in its referral of the case to its modified procedure has any rational basis that is warranted by law.

After long and careful consideration, including substantial hearings by appropriate committees of the Congress, the Motor Carriers Act was enacted in 1935 as Part II of the Interstate Commerce Act. There were many questions involving conflicts between federal and state regulations. Section 205(b) provided:

> (b) The Commission shall, when operations of motor carriers or brokers conducted or proposed to be conducted involve not more than three states, and the Commission may, in its discretion, when operations of motor carrier or brokers conducted or proposed to be conducted involve more than three states, refer to a joint board [of states] for appropriate proceedings thereon, any of the following matters arising in the administration of this part with respect to such operations. Applications for certificates, permits, or licenses; * * *

Therefore, initially when the Motor Carriers Act was passed in 1935, it was mandatory that the Commission refer all applications for certificates, permits or licenses, involving not more than three states, to a joint board of the state or states involved for appropriate proceedings. The joint boards were vested with the same rights, duties, powers and jurisdiction as that vested in members of the Commission or examiners. Orders recommended by the joint boards became orders of the Commission and effective

in the same manner. (Hearings by the Committees of the Congress; and Reports. 74th Congress.)

After a brief experience of some three years in the administration of the Act, the Commission determined that it was required to refer numerous applications to the state joint boards for a recommended order, even though it was recognized by all parties involved that the service was desired and in the Public interest and even though there were no objections or protests to the application. This caused a backlog of work and delay in approving a great many applications where service was in dire need.

As a result, in 1938, the Commission proposed a number of amendments to the 1935 Motor Carriers Act and submitted them to the industry and associates of industry involved, the states and user organizations of motor carrier transportation. After receiving reports on the Commission's proposals and correlating the comments, the Commission recommended to the Congress amendments to the Act that would assist them in its administration, including amendments to section 205(b).

The Chairman of the Commission, Honorable Joseph B. Eastman, one of the most able commissioners of regulatory processes and architect of interstate regulatory procedures on transportation, testified to both the Senate Commerce Committee and the Interstate and Foreign Commerce Committee of the House. In testifying to the House Committee on H.R. 9739, 75th Cong., 3d Sess., May 18, 1938, Chairman Eastman described to the Committee the background of the bill to amend the Motor Carriers Act of 1935. With reference to the proposed amendment to section 205 (b) [10] he stated, as the act was then drawn, if the Commission refers a case to a joint board, as it must refer certain matters under the provisions of the Act, the result is that the joint board

---

10. 1940 Amendment to the Act redesignated former subsection 205(b) as section 205(a) of the Motor Carriers Act of 1935 (49 U.S.C.A. § 305(a)); former subsection (a) repealed and now covered by section 17 of this title.

828

must issue a recommended report. The report then stands 20 days, in which the parties to the case are given an opportunity to file exceptions. If exceptions are not filed, or unless the Commission stays the report, it goes into effect. This leads to unnecessary delay. He then explains an analogy of a case being referred to a joint board and the applicant fails to show up, as often happens; it is dismissed. If no objection develops, as the Act then provided, the recommended report must still be issued, and it must stand 20 days in order to give opportunity for exceptions before it can take effect. He then stated, that under the proposed amendment the commission would have better control over certain applications by dispensing with recommended reports "and in the same way discretion is given to a joint board, where the case is referred to a joint board—there the discretion is not in the Commission, but is in the joint board. They can report the facts to the Commission instead of issuing a recommended report." (Hearings Subcommittee on Interstate and Foreign Commerce, House of Representatives, 75th Cong., 3d Sess., pp. 9 and 10.)

He then referred to section 205(f) of the Act. This requires the Commission to give notice of proceedings to interested parties, including the state authorities, and it also "provides that opportunity for a hearing and for intervention *shall be afforded to all interested parties*". (Emphasis supplied) The Commissioner testified: "In other words, if any one seeks a hearing, no matter what the circumstances are, under that paragraph, a hearing must be granted." The amendment to this section, he stated, was merely to be "consistent with the proposed change in section 205(b)."

The amendment adopted to the original section 205(b) of the act [now U.S.C.A. § 305(a)] added the language in referring to a joint board for appropriate proceedings thereon with respect to such operation "as to which a hearing is required or in the judgment of the Commission is desirable." This is the language which the Commission relies upon that gives it discretion in determining whether or not a hearing is required and authority for reference to its modified procedure established by rule or regulation.

The Committee Report No. 2714, 75th Cong., 3d Sess., House of Representatives 1938, states that "section 5 (205(b)) [now under consideration] concerns the reference of proceedings to joint boards, and, as. to such bodies, it leaves to the discretion of the joint board whether a recommended order of the board shall or shall not be issued. In the latter case, if the joint board determines to dispense with the recommended order and report, it would merely report its conclusions to the Commission and the Commission would proceed immediately to a decision." Committee Report p. 3.

The Senate Report No. 1650, 75th Cong., 3d Sess., provides in the majority report that "section 5 (205(b)) refers to proceedings to joint boards, and, as to such bodies, it leaves to the discretion of the joint board whether a recommended order or report shall or shall not be issued. In the latter case, if the joint board determines to dispense with the recommended order and report, it will merely report its conclusions to the Commission and the Commission would proceed immediately to a conclusion." Therefore, both committees in their reports recommended to the respective Houses of Congress that discretion with reference to recommended order and report, "which must be based on a hearing", be left to the joint boards of the matters required to be referred to them. The thrust of Chairman Eastman's recommendation and explanation and the Committee Reports were that in applications where there were no protest or objection no hearing is required. In this situation and if concurred in by the Commission, there would be no reference to the state joint boards. However, if there was objection and protest, the mandatory references. to the joint board was to be maintained.

The bill amending the Motor Carriers Act of 1935 was considered by the House on June 13, 1938. The ranking member of the Committee, Mr. Reece of Tennessee, stated that it was his view that the amendments were satisfactory and will improve the present law. "They are chiefly clarifying amendments."

Mr. Sadowski, Chairman of the Subcommittee, stated, the proposed amendments are mainly for the purpose of perfecting procedure and of clarifying obscure provisions of the act, and have been suggested by the Interstate Commerce Commission to facilitate the performance of the difficult, onerous task placed upon that commission by the Motor Carriers Act of 1935. He further stated that the bill contains only minor amendments to the Motor Carriers Act. He then placed into the record the language contained in the report of the committee which leaves to the discretion of the joint board whether a recommended order and report shall or shall not be issued. Congressional Record June 13, 1938, p. 11860. From this legislative history there can be no doubt as to what was intended by including the clarifying language to this section and that the Congress intended to maintain the mandatory requirement for referring an application for permits to a state board wherein only three or less states were involved.

Although there are no decisions directly on the primary issue, reference is made in some cases clearly distinguishable from the instant case as to the statutory requirement of section 305 (a).

In DeCamp Bus Lines v. United States, D.C., 185 F.Supp. 336, a three-judge court of New Jersey stated at page 340, as follows:

"It is apparent, therefore, and so conceded by all parties to these proceedings, that the Commission is required by 49 U.S.C.A. § 305(a) to refer an application for a certificate of public convenience and necessity to a joint board when the proposed operations of the applicant involve not more than three States. Under other circumstances, the application may be referred to an Examiner at the option of the Commission." Cf. American Trucking Association, Inc. v. United States, 326 U.S. 77, 82, 65 S.Ct. 1499, 89 L.Ed. 2065; Crichton v. United States, 56 F.Supp. 876, 879; Brunswick Transportation Company, Inc., 91 M.C.C. 899; Potshnick Truck Services, Inc.-Merger, 35 M.C.C. 139.

We therefore, conclude that under the record presented in this case, the Commission had a statutory duty to refer the Beaufort application to a joint board for a determination within its discretion as to whether there should be a recommended order and report to the Commission as required by the statute. We further conclude that the Commission's action was arbitrary and without rational basis.

Plaintiff's application for a judgment setting aside and annulling the reports and orders of the Interstate Commerce Commission issued February 26, 1969, October 29, 1969, and April 29, 1970, in Docket No. MC–78400, is hereby granted and the orders hereby suspended, set aside and annulled. The Interstate Commerce Commission should proceed to consider the application of Beaufort in accordance with the requirements of the Interstate Commerce Act.

It is further ordered that counsel for the plaintiff prepare, serve and file proposed judgment in accordance with this decision and order.

The foregoing decision shall constitute the findings of fact and conclusions of law required by Rule 52 of the Federal Rules of Civil Procedure.