MITCHELL BROS. TRUCK LINES et al.,
Plaintiffs,

v.

UNITED STATES of America and the
Interstate Commerce Commission,
Defendants,

and

Dealers Transit, Inc., a corporation, et al.,
Intervening Defendants.

ASHWORTH TRANSFER, INC., a cor-
poration, et al., Plaintiffs,

v.

UNITED STATES of America and the
Interstate Commerce Commission,
Defendants,

and

Dealers Transit, Inc., a corporation, et al.,
Intervening Defendants.

Civ. Nos. 70–618, 70–865.

United States District Court,
D. Oregon.

May 13, 1971.

Russell M. Allen, Norman E. Suther-
land and William F. White, White, Suth-
erland & Gilbertson, Portland, Or., for
plaintiffs Mitchell Bros. Transfer and
others and Ashworth Transfer and oth-
ers.

Keith E. Taylor and Gordon L. Rob-
erts, Parsons, Behle & Latimer, Salt
Lake City, Utah, for plaintiffs Ashworth
Transfer and others.

Richard W. McLaren, Asst. Atty.
Gen., John H. D. Wigger, Atty., Dept. of
Justice, Washington, D. C., Sidney I. Le-
zak, U. S. Atty., Portland, Or., for de-
fendant United States.

Fritz R. Kahn, Gen. Counsel, Charles
H. White, Jr., Atty., I.C.C., Washington,
D. C., for defendant I.C.C.

Donald A. Schafer, Hardy Myers, Jr.,
Rives, Bonyhadi, Hall & Epstein, Port-
land, Or., for all intervening defendants.

James M. Doherty, Doherty & Robert-
son, Austin, Tex., for intervening de-
fendant J. H. Rose Truck Line.

Max G. Morgan, Morgan, Dykeman &
Williamson, Oklahoma City, Okl., for in-
tervening defendant Tri-State Motor
Transit Co.

Alan Foss, Van Osdel, Foss, Johnson
& Miller, Fargo, N. D., for intervening
defendant International Transport, Inc.

Robert E. Joyner, Wrape & Hernly, Memphis, Tenn., for intervening defendant Dealers Transit.

Before MERRILL, Circuit Judge, and SOLOMON and GOODWIN, District Judges.

## OPINION

ALFRED T. GOODWIN, District Judge:

Plaintiffs Mitchell and Ashworth brought these actions in Oregon and Utah respectively to set aside an order of the Interstate Commerce Commission granting four intervening defendants authority to transport "size and weight" commodities throughout various Western states. The challenged order is reported in Dealers Transit, Inc., Ext.—Eight Western States, 110 M.C.C. 317 (1969).

The two cases have been consolidated in this court because they both challenge the same I.C.C. order and both present the same legal issues. A three-judge court was empaneled pursuant to 28 U.S.C. § 2325.

Plaintiffs and intervening defendants are specialized irregular-route motor carriers who transport, among other things, "size and weight" commodities: that is, shipments which require special equipment for their loading, unloading, or over-the-road transport. These "heavy haulers" offer a substantially different service from that offered by "general commodity" carriers. Heavy haulers not only offer specialized equipment, but also offer pickup and delivery service at job sites and other off-the-highway locations. Heavy haulers move truckload or less-than-truckload cargoes from origin to destination over the most direct route. Heavy haulers generally utilize one trailer throughout the haul. "General commodity" carriers offer scheduled service between fixed termini over designated major highways. When interline service is required, the load is generally transferred from the vehicle of one carrier to the vehicle of another at the inter-line exchange point. Tariffs for heavy hauling services are often higher than those of fixed-route, general-commodity carriers.

The present disputes arose when the four intervening defendants filed applications with the Commission for certificates of public convenience and necessity authorizing them to serve the transportation needs of areas in which one or more of the plaintiffs were operating. The plaintiffs protested the applications.

There are disputes on routes (1) between points in the coastal states: California, Oregon, and Washington; (2) between points in the coastal states on the one hand and interior western states on the other; and (3) between points within the interior western states.

The record made before the Commission consists of nearly 6,000 pages of transcript and 340 exhibits. The Commission ultimately granted to the intervening defendants varying degrees of authority to operate in each of the disputed areas. The Commission considered both the quantity and quality of existing service and the impact of new competition upon existing certificate holders in all the affected regions.

Plaintiffs challenge the finding of the Commission that heavy-hauler services available within the affected states were not adequate to meet single-line shipping needs. Plaintiffs deny that existing services resulted in unacceptable delays in transit and that the several plaintiffs in their areas were unable to provide suitable equipment in sufficient amounts to accommodate long-distance shippers. The Commission found otherwise.

Plaintiffs contend that there is no substantial evidence in the record to support the Commission's findings. They take note of the evidence concerning the inadequacies of size-and-weight service provided by general-commodity carriers, but contend that general-commodity inadequacies do not support a finding that more heavy haulers are necessary to serve the public. (The applications had been contested before the Commission by general-commodity carriers as well as by the plaintiff heavy

haulers, but the general-commodity carriers have not pressed their objections beyond the Commission hearings.)

 The task for this court, therefore, is to review the record to determine whether it contains substantial evidence to support the Commission's order. This court does not weigh the evidence, nor will it substitute its own judgment for that of the Commission. Mitchell Bros. Truck Lines v. United States, 225 F.Supp. 755, 758, 760 (D.Or.1963), aff'd, 378 U.S. 125, 84 S.Ct. 1647, 12 L.Ed.2d 744 (1964).

The sole function of this court in reviewing the Commission's findings is to protect the parties against arbitrary administrative action unfounded in law or fact. United States v. Pierce Auto Lines, 327 U.S. 515, 535–536, 66 S.Ct. 687, 90 L.Ed. 821 (1946).

The substantial-evidence test is met whenever the record contains that amount of evidence which would justify a refusal to direct a verdict in a jury trial. Illinois C. R. Co. v. Norfolk & W. R. Co., 385 U.S. 57, 66, 87 S.Ct. 255, 17 L.Ed.2d 162 (1966).

The extent of proof of shipper dissatisfaction appears to differ on each dispute; but there is substantial evidence in support of the Commission order on each of the disputes. Shippers testified that they have suffered delays and undue expense because no single-line heavy-hauler service was available in each of the respective geographic regions. There was also substantial evidence of heavy-hauler and general-commodity-carrier inadequacies on each of the contested grants of authority.

This evidence thus supports the Commission's authorization of new size-and-weight carriers in each area. The possibility of economic loss to existing carriers does not preclude the issuance of new certificates that will improve service to the public. Carolina Freight Carriers Corp. et al. v. United States et al., 323 F.Supp. 1290 (W.D.N.C.1971).

The decision of the Commission is based upon material facts which are supported by substantial evidence. Therefore, the Commission is affirmed and the action is dismissed.