**TWIN CITY FREIGHT, INC., Plaintiff,**

v.

**UNITED STATES of America and Interstate Commerce Commission,
Defendants,**

and

**Alfred Moen and Earl Moen, dba
Moen Truck Line, Intervenors.**

No. 4–71 Civ. 619.

United States District Court,
D. Minnesota,
Fourth Division.

Dec. 5, 1972.

James L. Nelson, St. Paul, Minn., for plaintiff.

Robt. G. Renner, U. S. Atty. by Peter J. Thompson, Asst. U. S. Atty., Minneapolis, Minn., for defendant United States.

Fritz R. Kahn, Gen. Counsel by Theodore C. Knappen, Interstate Commerce Comm., Washington, D. C., for defendant Interstate Commerce Comm.

Donald A. Morken and Robert D. Gisvold, Minneapolis, Minn., for intervenors.

Before HEANY, Circuit Judge, DEVITT, Chief Judge, and LORD, District Judge.

## MEMORANDUM AND ORDER

MILES W. LORD, District Judge.

This is an action to set aside, vacate, and annul an order of the Interstate Commerce Commission granting the Intervening defendants, Alfred Moen and Earl Moen, d. b. a. Moen Truck Line, a certificate of public convenience and necessity to transport general commodities, (except classes A and B explosives, articles of unusual value, household goods as defined by the Commission, commodities in bulk, and those requiring special equipment), between Fargo, North Dakota and other points in North Dakota. This suit is brought pursuant to Section 205(g) of the Interstate Commerce Act, 49 U.S.C. §§ 305(g), (h), and 17; Section 10 of the Administrative Procedure Act, 5 U.S.C. § 1009; and 28 U.S.C. §§ 1336, 1398, 2321, 2322, 2323, 2324. A three judge court was convened pursuant to 28 U.S.C. §§ 2284, 2325.

On August 12, 1970, Alfred Moen and his son, Earl Moen, doing business as Moen Truck Line, filed an application with the Interstate Commerce Commission seeking authority to operate as a motor common carrier of general commodities over irregular routes between Fargo, North Dakota and other points in Cavalier, Walsh, and Ramsey Counties, North Dakota. At the time of the application, Moen held intrastate, but no interstate, authority from the ICC.

On November 10, 1970, the Commission entered an order directing that the application be handled under the modified procedure. 49 C.F.R. 1100.45–54, and the matter was assigned to a Review Board for consideration. A verified statement in support of the application was duly filed by applicant Alfred Moen on behalf of the partnership to which were attached verified statements of 14 shippers and 4 interstate motor carriers, all with limited authority to operate in North Dakota. A verified statement in opposition to the application was filed by plaintiff, Twin City Freight, Inc., which consisted of an affidavit submit-

ted by Robert W. Elsholtz, Vice-President of Twin City Freight. It was Twin City's position, as represented in the verified statement, that they held interstate authority in the same area sought to be served by Moen, that their service adequately served the needs in this area, and that there was no public necessity for granting Moen's application. Moen responded with verified statements of six shippers supporting his claim that there was inadequate service in the area.

Based on the written statements, the Commission's Review Board No. 2, comprised of three Commission employees, determined that the application should be granted. The Commission specifically found that the "Applicants have shown a need for a service, that protestant has not fulfilled."[1] Emphasizing the fact that "existing service is inadequate," the Board concluded that Moen's proposed service was required by the public convenience and necessity.[2]

Thereafter, plaintiff filed a petition for reconsideration, which was denied by Division 1 of the Commission, acting as an appeal board. At no time in the proceeding did plaintiff, in any manner, object to or challenge the right of the Review Board, as opposed to a Joint Board, to decide the case initially.

Plaintiff subsequently filed its original complaint with this Court on December 3, 1971 seeking to enjoin the Commission's order on the single ground that the Commission's finding that public convenience and necessity requires the granting of Moen's application, is not supported by substantial evidence. Plaintiff's subsequent request for a temporary restraining order was denied. Plaintiff then filed an amended complaint with the Court, dated March 24, 1972, seeking relief on the additional ground that the Commission erred and was without jurisdiction under 49 U.S.C. § 305[3] (a) and (b) in referring the case

---

1. Report, p. 6.

2. Report, pp. 6–7.

3. 49 U.S.C. § 305(a) provides as follows:
   § 305. Administration—Joint boards; composition; references of matters to boards
   (a) The Commission shall, when operations of motor carriers or brokers conducted or proposed to be conducted involve not more than three States, and the Commission may, in its discretion, when operations of motor carriers or brokers conducted or proposed to be conducted involve more than three States, refer to a joint board for appropriate proceedings thereon, any of the following matters arising in the administration of this chapter with respect to such operations as to which a hearing is required or in the judgment of the Commission is desirable: Applications for certificates, permits, or licenses; . . . Provided, however, That if the Commission is prevented by legal proceedings from referring a matter to a joint board, it may determine such matter as provided in section 17 of this title. The Commission, in its discretion, may also refer to a joint board any investigation and suspension proceeding or other matter not specifically mentioned above which may arise under this chapter. The joint board to which any such matter is referred shall be composed solely of one member from each State within which the motor-carrier or brokerage operations involved in such matters are or are proposed to be conducted: Provided, That the Commission may designate an examiner or examiners to advise with and assist the joint board under such rules and regulations as it may prescribe. In acting upon matters so referred, joint boards shall be vested with the same rights, duties, powers, and jurisdiction as are hereinbefore vested in members or examiners of the Commission to whom a matter is referred for hearing and the recommendation of an appropriate order thereon: Provided, however, That a joint board may, in its discretion, report to the Commission its conclusions upon the evidence received, if any, without a recommended order. Orders recommended by joint boards shall be filed with the Commission, and shall become orders of the Commission and become effective in the same manner, and shall be subject to the same procedure, as provided in the case of orders recommended by members or examiners under section 17 of this title. If a joint board to which any matter has been referred shall report its conclusions upon the evidence without a recommended order, such matter shall thereupon be decided by the Commission, giving such weight to such conclusions as in its judgment the evidence may justify.

initially to a Review Board rather than to a Joint Board.

■ The scope of review of orders of the Interstate Commerce Commission is well defined and narrowly limited. As stated in United States v. Pierce Auto Freight Lines, 327 U.S. 515, 536, 66 S. Ct. 687, 698, 90 L.Ed. 821 (1946) the function of a reviewing court:

. . . is limited to ascertaining whether there is warrant in the law and the facts for what the Commission has done. Unless in some specific respect there has been prejudicial departure from requirements of the law or abuse of the Commission's discretion, the reviewing court is without authority to intervene. It cannot substitute its own view concerning what should be done, whether with reference to competitive considerations or others, for the Commission's judgment upon matters committed to its determination, if that has support in the record and the applicable law. (footnote omitted)

This Court cannot substitute its judgment for the judgment of the Commission. See also, Mississippi Valley Barge Line Co. v. United States, 292 U.S. 282, 286–287, 54 S.Ct. 692, 78 L.Ed. 1260 (1934); Quickie Transport Co. v. United States, 169 F.Supp. 826, 828 (D. Minn.1959). Hence, inquiry in the instant case must be limited to whether the Commission reached a rational conclusion, based on substantial evidence. Illinois Central R. R. v. Norfolk & Western Ry., 385 U.S. 57, 66, 87 S.Ct. 255, 17 L.Ed.2d 162 (1966); Consolo v. Federal Communications Commission, 383 U.S. 607, 619–621, 86 S.Ct. 1018, 16 L.Ed.2d 131 (1966).

■ Section 207(a) of the Interstate Commerce Act confers authority upon the Commission to issue a certificate of public convenience and necessity to a motor carrier. The relevant part of the statute reads as follows:

. . . a certificate shall be issued to any qualified applicant therefor, authorizing the whole or any part of the operations covered by the application, if it is found that the applicant is fit, willing, and able properly to perform the service proposed and to conform to the provisions of this [part] and the requirements, rules, and regulations of the Commission thereunder, and that the proposed service, to the extent to be authorized by the certificate, is or will be required by the present or future public convenience and necessity; otherwise such application shall be denied.

Based on the record before the Commission, there was ample, if not overwhelming, evidence from which the Commission could draw the conclusion that the application should be granted. The question of the fitness of Moen cannot seriously be disputed. As evidence of public necessity, there were verified statements of over fourteen shippers, all supporting the claim that present service in the area was inadequate. Four interstate motor carriers who interlined freight with other truckers at Fargo because of service restrictions in their own certificates, corroborated the need for improved service. The Commission's determination that public necessity required that Moen's application be granted, was based on substantial evidence.

■ Plaintiff asserts that the evidence submitted was not only insufficient but also failed to comply with the evidentiary guidelines as set forth in John Novak Contract Carrier Application, 103 M.C.C. 555, 557 (1967) in which the Commission held that shippers supporting an application must show the commodities shipped or received, the points within which that traffic moved, the volume of freight to be tendered to the applicant, the present transportation services used, and the deficiencies in existing service. As explained in Ashworth Transfer Inc. Extension—Explosives, 111 M.C.C. 652, 661 (1970), the purpose of the evidentiary guidelines is to provide the Commission with enough information to determine what, if any, the transportation needs of the shippers really are. The guidelines

are not to serve as procedural hurdles in the decision making process of the Commission. In American Farm Lines v. Black Ball Freight Service, 397 U.S. 532, 90 S.Ct. 1288, 25 L.Ed.2d 547 (1970) the Supreme Court upheld a Commission grant of temporary motor authority even though the applicant had not strictly complied with evidentiary rules and guidelines that the agency had promulgated. The Court explained at 538, 539, 90 S.Ct. at 1292:

We agree with the Commission that the rules were promulgated for the purpose of providing the "necessary information" for the Commission "to reach an informed and equitable decision" on temporary authority applications. ICC Policy Release of January 23, 1968. The Commission stated that requests for temporary authority would be turned down "if the applications do not adequately comply with . . . rules." Ibid. The rules were not intended primarily to confer important procedural benefits upon individuals in the face of otherwise unfettered discretion as in Vitarelli v. Seaton, 359 U.S. 535, 79 S.Ct. 968, 3 L.Ed.2d 1012; nor is this a case in which an agency required by rule to exercise independent discretion has failed to do so. United States ex rel. Accardi v. Shaughnessy, 347 U.S. 260, 74 S.Ct. 499, 98 L.Ed. 681; Yellin v. United States, 374 U.S. 109, 83 S.Ct. 1828, 10 L.Ed.2d 778. Thus there is no reason to exempt this case from the general principle that "it is always within the discretion of a court or an administrative agency to relax or modify its procedural rules adopted for the orderly transaction of business before it when in a given case, the ends of justice require it. The action of either in such a case is not reviewable except upon a showing of substantial prejudice to the complaining party." NLRB v. Monsanto Chemical Co., 8 Cir., 205 F.2d 763, 764. And See NLRB v. Grace Co., 8 Cir., 184 F.2d 126, 129; Sun Oil Co. v. FPC, 5 Cir.,

256 F.2d 233; McKenna v. Seaton, 104 U.S.App.D.C. 50, 259 F.2d 780.

In the instant case, on the basis of the verified statements submitted in support of Moen's application, it was firmly established that the present service provided by the plaintiff was not satisfactory to a great number of shippers in North Dakota. Hence, the public need for the service was established without the necessity of bringing in voluminous statistics for the purpose of strictly complying with the various evidentiary factors as set forth in *Novak*. The applicant's evidence was substantial, and from this submitted evidence the Commission could rationally determine that there was a public need for the applicant's service, and that the applicant was capable of fulfilling this need. Accordingly, the failure to fulfill the wooden standards as set forth in *Novak* could have in no way prejudiced the rights of the plaintiff in this case.

Plaintiff further argues that in granting the authority to Moen, the Commission did not consider the adverse economic effect the new competition would have on the plaintiff's business. In particular, plaintiff alleges that the Commission erred when it failed to make a specific finding in this regard. However, it has consistently been held by the Supreme Court that the Commission need not make findings on every issue influencing the decision, but is only required to set forth its "conclusions" sufficiently disclosing the essential basis of its decision. Alabama Great Southern Railroad Co. v. United States, 340 U.S. 216, 228, 71 S.Ct. 264, 95 L.Ed. 225 (1951); Minneapolis & St. Louis Railroad Co. v. United States, 361 U.S. 173, 193, 80 S.Ct. 229, 4 L.Ed.2d 223 (1959); United States v. State of Louisiana, 290 U.S. 70, 80, 54 S.Ct. 28, 78 L.Ed. 181 (1933). The report of the Commission clearly sets forth the essential basis for its decision to grant the application. The Commission specifically found that existing service was inadequate and that

Moen was fit to fulfill the needs of the public.

■ Even if the added competition from Moen Truck Line would cause the plaintiff in this action to lose revenues, this in itself would not be sufficient cause for the Commission to deny Moen's application. Mitchell Bros. Truck Lines v. United States, 327 F. Supp. 796, 797, 798 (D.Or.1971); Alexandria Barcroft & Washington Transit Co. v. United States, 103 F.Supp. 607, 609 (E.D.Va.1951); Schaffer Transportation Co. v. United States, 355 U.S. 83, 91, 78 S.Ct. 173, 2 L.Ed.2d 117 (1957); AB&C Transportation Co. Inc. v. United States, 69 F.Supp. 166, 169 (D.Mass. 1946).

### Modified Procedure

It is plaintiff's contention that the assignment of the contested application to the Review Board, under the modified procedures as set forth in 49 CFR 1100.-45–54, as opposed to a Joint Board as required by 49 U.S.C. § 305(a), was arbitrary and unlawful. The statute reads as follows:

> The Commission shall, when operations of motor carriers . . . proposed to be conducted involve not more than three States, and . . . may, in its discretion, when operations of motor carriers . . . proposed to be conducted involve more than three States, refer to a joint board for appropriate proceedings thereon, any of the following matters arising in the administration of this part with respect to such operations as to which a hearing is required or in the judgment of the Commission is desirable. 49 U.S.C. § 305.

■ The Commission maintains that the Statute requires a referral to a joint board only when an oral hearing is necessary to resolve a dispute as to material facts. Jones Truck Lines Inc. v. United States, 321 F.Supp. 821 (W.D.Ark. 1971); Land Air Delivery Inc. v. United States, 327 F.Supp. 808 (D.Kan.1971);

Garrett Freightlines Inc. v. United States, 333 F.Supp 1267 (D.Idaho 1971); Howard Hall Company Inc. v. United States, 332 F.Supp. 1076 (N.D. Ala.M.D.1971). The Commission maintains that no such issue of material fact was present in the instant case. Moreover, even if there were, it is the position of the Commission that the plaintiff waived its rights to challenge the modified procedure by not protesting the initial order of the Commission which clearly set forth that the matter was to be handled under the modified procedure.

Throughout the ICC proceedings, Twin City took the position that there was no real public necessity for granting the applicant's request, that existing service provided by Twin City adequately served the public needs. Reviewing the ICC record in this regard, it is the opinion of this Court that material facts were in dispute. Consequently, plaintiff had a right to have the cause heard by the Joint Board. The question remains as to whether or not plaintiff waived this right by failing to object or protest. Plaintiff argues that 49 U.S.C. § 305(a) goes to the jurisdiction of the Commission, and hence it cannot be waived by the parties. Plaintiff relies on *Garrett,* supra, which firmly holds that the statute is jurisdictional and that neither the Commission nor the parties could cure a jurisdictional defect by direct or implied consent.

The Commission maintains that the contested statute is in the nature of a procedural requirement, and as a matter of procedure can be and was waived by the parties involved. The Commission relies on Howard Hall Company v. United States, 332 F.Supp. 1076 (N.D.Ala. M.D.1971) and DeCamp Bus Lines v. United States, 185 F.Supp. 336 (D.N.J. 1970) which are in direct conflict with *Garrett,* and squarely hold that the assignment of applications to a Joint Board is a procedural matter rather than one of jurisdiction. See also, Kane v. Cameron, 329 F.Supp. 933 (D.Pa. 1971).

The Court is persuaded by the argument of the Commission, and finds that the assignment of the application to the Review Board, as opposed to a Joint Board, is a matter of procedure. The jurisdiction of the Commission to regulate motor carriers is vested by 49 U.S.C. § 302(a). Furthermore, the authority to grant certificates to motor common carrier applicants is conferred by 49 U.S.C. § 307(a). 49 U.S.C. § 305 merely provides the forum from which the Commission exercises its jurisdiction. In that sense, this case is analogous to the Supreme Court case United States v. Tucker, 344 U.S. 33, 73 S.Ct. 67, 97 L.Ed. 54 in which Appellee objected to the granting of a certificate of public convenience on the grounds that the hearing examiner in the matter was not properly authorized in accordance with Section 11 of the Administrative Procedure Act, 5 U.S.C. § 1010. It was Appellee's contention that the irregularity deprived the Commission of jurisdiction to grant the application. Since Appellee had failed to object or protest at the administrative hearing, the Court held that all rights to object to such proceedings were waived. Justice Jackson speaking for the Court stated at 36, 37, 73 S.Ct. at 68, 69:

> We have recognized in more than a few decisions, and Congress has recognized in more than a few statutes, that orderly procedure and good administration require that objections to the proceedings to an administrative agency be made while it has opportunity for correction in order to raise issues reviewable by the courts. . . . Simple fairness to those who are engaged in the tasks of administration, and to litigants, requires as a general rule that courts should not topple over administrative decisions unless the administrative body not only has erred but has erred against objection made at the time appropriate under its practice.

The Court held that the irregularity did not operate to deprive the Commission of jurisdiction stating at 38, 73 S.Ct. at 69:

> The question not being foreclosed by precedent, we hold that the defect in the examiner's appointment was an irregularity which would invalidate a resulting order if the Commission had overruled an appropriate objection made during the hearings. But it is not one which deprives the Commission of power or jurisdiction, so that even in the absence of timely objection its order should be set aside as a nullity.

Accordingly, in the instant case, Twin City had ample opportunity to object to the use of the modified procedure by the Commission. It is only now, after an unfavorable decision by the Commission, that Twin City lodges its objection. Twin City waived its right to object to the use of the modified procedure by its failure to make a timely objection.

Plaintiff's application for a judgment setting aside the Order of the ICC is denied.

It is so ordered.