PRINSBURG COOP FERTILIZER COM-
PANY et al., Plaintiffs,

Cedar Mills Town et al., Intervenor-
and
Plaintiffs,

v.

UNITED STATES of America, and In-
terstate Commerce Commission,
Defendants,

and

Chicago & North Western Railway Com-
pany and Minneapolis Industrial Rail-
way Company, Intervenor-Defendants.

No. 4–70 Civ. 564.

United States District Court,
D. Minnesota,
Fourth Division.

Sept. 15, 1971.

James B. Lund and Y. D. Wada, Min-
neapolis, Minn., for plaintiffs, and coun-
ties of McLeod and Meeker, Village of
Winsted, Silver Lake and Cosmos and
Town of Cedar Mills, intervening plain-
tiffs.

Best, Flanagan, Lewis, Simonet &
Bellows by Harold C. Evarts, Minneapo-
lis, Minn., for Sterner Industries, Inc.,
intervening plaintiff.

Robert C. Renner, U. S. Atty. by J.
Earl Cudd, Asst. U. S. Atty., Charles H.
White, Jr., I. C. C., Washington, D. C.,
for defendants.

Chestnut, Jones, Brooks, Kennedy &
Burkard by Jack L. Chestnut, Minneapo-
lis, Minn., Stuart F. Gassner, Chicago,
Ill., for intervening defendants, Chicago
& North Western Railway Co. and Min-
neapolis Industrial Railway Co.

Before HEANEY, Circuit Judge, and
LARSON and NEVILLE, District
Judges.

## MEMORANDUM

PER CURIAM:

The Interstate Commerce Commission,
by virtue of Sections 1(18), 1(19), 1(20)
and 1(22) of the Interstate Commerce
Act, 49 U.S.C. §§ 1(18), 1(19), 1(20)
and 1(22), has exclusive and plenary ju-
risdiction to regulate interstate com-

merce, including the abandonment of railroad lines transporting intrastate traffic as part of a larger interstate railroad system. Colorado v. United States, 271 U.S. 153, 46 S.Ct. 452, 70 L.Ed. 878 (1925). This Court has jurisdiction to review the Order permitting abandonment issued by the Interstate Commerce Commission by virtue of Title 28, U.S.C. § 1336.

The standard of review in such a case has been articulated by Mr. Justice Brandeis in Colorado v. United States, *supra,* at p. 168, 46 S.Ct. at p. 456:

> "The sole test prescribed is that abandonment be consistent with public necessity and convenience. In determining whether it is, the Commission must have regard to the needs of both intrastate and interstate commerce. . . . The benefit to one of the abandonment must be weighed against the inconvenience and loss to which the other will thereby be subjected. Conversely, the benefits to particular communities and commerce of continued operation must be weighed against the burden thereby imposed upon other commerce. . . . The result of this weighing—the judgment of the Commission—is expressed by its order granting or denying the certificate."

█ The scope of judicial review of orders of the Interstate Commerce Commission is limited to ascertaining whether there is warrant in the law and the facts for what the Commission has done. Unless there has been prejudicial departure from requirements of the law or abuse of the Commission's discretion, the reviewing court is without authority to intervene. United States v. Pierce Auto Freight Lines, Inc., 327 U.S. 515, 66 S.Ct. 687, 90 L.Ed. 831 (1946); Great Northern Railway Company v. United States, 209 F.Supp. 238 (D. Minn., 1962). This standard has been specifically applied to review of orders authorizing abandonment of a railroad line in Moeller v. Interstate Commerce Commission, 201 F.Supp. 583 (D.C.Iowa, 1962). See also Nebraska ex rel. Ne-braska State Ry. Commission v. United States, 255 F.Supp. 718 (D.Nebraska, 1966) for the function of a three-judge statutory court in reviewing an I.C.C. abandonment order.

█ In this case, the Commission determined that Minneapolis Industrial Railway Company had sustained operating losses on that portion of the line to be abandoned and was in financial difficulty, and that Chicago, North Western Railway Company had incurred operating losses for its entire lines for a number of years; that an expenditure of over $1.1 million would be required for repairs to rehabilitate the physical condition of the line; that annual maintenance expense thereafter would exceed $165,000; that the traffic on the line was declining; that all industrial development at Hutchinson, Minnesota, now being served by Minneapolis Industrial Railway, would continue to be served following abandonment by the Great Northern Railroad (now Burlington-Northern) as a condition of the abandonment; that even if repairs were made, there was no indication that the traffic or economic condition of the line would improve; that the portion of the line west of Hutchinson was already out of service because of a series of derailments; and therefore, the continuation of service by Minneapolis Industrial Railway would amount to an undue burden on interstate commerce when weighed against public needs and benefits. The Commission further stated that the real concern of the shippers was a desire to preserve existing rail shipping rates which were presently lower than motor carrier rates, and that while some shippers would be *inconvenienced* by abandonment, none asserted they would have to cease operations, since regulated and unregulated motor carrier service was available as alternate transportation. Preservation of rate structure is not a controlling factor in an abandonment proceeding. Southern Pacific Co. Abandonment, 317 I.C.C. 489.

██ Upon review of the record as a whole, it is the opinion of this Court

that the ultimate conclusion of the Commission that public convenience and necessity permit the abandonment, subject to conditions not at issue in this proceeding, is based upon adequate findings supported by substantial evidence produced or submitted at the hearing level and reflects a balancing of the benefits of continued operation against the burdens imposed upon interstate commerce as required by Colorado v. United States, *supra*. Where the demands of public convenience and necessity are slight, the required showing of undue burden upon interstate commerce is correspondingly lowered. Southern R. Co. v. North Carolina, 376 U.S. 93, 84 S.Ct. 564, 11 L.Ed.2d 541 (1964). That a different trier of fact could possibly reach a differing conclusion is not within the province of this Court to determine. United States v. Pierce Auto Freight Lines, Inc., *supra*; Nebraska ex rel. Nebraska State Ry. Commission v. United States, *supra*.

NEVILLE, District Judge (concurring).

As one of the members of the three-judge panel in the above case, I have joined in the order. I think the record should show however that the court originally deferred decision after the hearing on April 30, 1971 for a sixty day period by order of May 7, 1971 "to afford the Interstate Commerce Commission an opportunity to pass upon the merits of the petition of P. C. & W. Railway now pending . . . " to purchase the line and trackage of the Minnesota Industrial Railway Co., a subsidiary of Chicago and North Western Railway, sought to be abandoned. Thereafter, on petition of James B. Lund, the attorney representing said P. C. & W. Railway and some of the plaintiffs, the court by order dated July 21, 1971, extended the time for its decision to September 7, 1971 and did not require the posting of a bond as had been requested by the Chicago and North Western Railway to

indemnify it for its subsidiary's loss which it asserts amounts to some $10,000 per month. September 7, 1971 came and went and the court has received no word either from the Interstate Commerce Commission nor from any of the plaintiffs nor from any of the intervenors. It seems appropriate therefore that the court now should make its decision, and it has so done