**DART TRANSIT COMPANY, Plaintiff,**

v.

**UNITED STATES of America,**
**Defendant,**
**and**
**Interstate Commerce Commission et al.,**
**Intervening Defendants.**

**No. 3–73–Civ–280.**

United States District Court,
D. Minnesota,
Third Division.

Jan. 17, 1975.

James C. Hardman, Hardman, Burke, Kerwin & Towle, Chicago, Ill., and William S. Rosen, Rosen, Kaplan & Ballenthin, Saint Paul, Minn., for plaintiff.

Thomas E. Kauper, Asst. Atty. Gen., John H. D. Wigger, Atty., Dept. of Justice, Washington, D. C., and Robert G. Renner, U. S. Atty., Minneapolis, Minn., for defendant.

Fritz R. Kahn, Gen. Counsel, and H. G. Homme, Jr., Atty., Interstate Commerce Commission, Washington, D. C., for intervening defendant Interstate Commerce Commission.

Joel H. Steiner, Axelrod, Goodman, Steiner & Bazelon, Chicago, Ill., and James L. Nelson, Saint Paul, Minn., for intervening defendant Western Trans. Co.

Michael E. Murphy, Lindquist & Vennum, Minneapolis, Minn., for intervening defendant Raymond Motor Trans., Inc.

Before HEANEY, Circuit Judge, DEVITT, Chief District Judge, and LORD, District Judge.

## MEMORANDUM & ORDER

DEVITT, Chief District Judge.

This is an action to set aside and annul an Order of the Interstate Commerce Commission denying plaintiff's application for a certificate of public convenience and necessity under which it sought authorization to conduct motor common carrier operations from points in Illinois to points in seven North Central states. Jurisdiction exists under 28 U.S.C. §§ 1336, 2284, and 2321–2325.

On June 5, 1972, plaintiff filed an application with the Commission pursuant to § 207(a) of the Interstate Commerce Act, 49 U.S.C. § 307(a), in which it sought a certificate of public convenience and necessity authorizing operations as a common carrier by motor vehicle, over irregular routes, of containers, container ends and lids, and plastic articles from Carol Springs, Itasca, and Addison, Illinois, to points in Minnesota, Iowa, Missouri, Kansas, Nebraska, North Dakota, and South Dakota. The application was processed under the Commission's modified procedure, an administrative process by which evidence is adduced through verified written statements as opposed to oral hearing. 49 C.F.R. §§ 1100.45–54. Two shippers of the commodities (Container Corporation of America and Packaging Systems, Inc.) filed verified statements in support of the application. Ten common carriers (All-American Transport, Inc., C

W Transport, Inc., Container Transit, Inc., Crouch Bros., Inc., H&W Motor Express Company, Orscheln Bros. Truck Lines, Inc., Raymond Motor Transportation, Inc., Schneider Transport, Inc., Western Transportation Company, and Henry Zellmer doing business as Zellmer Truck Lines) filed verified statements in opposition to the application. On February 1, 1973, the Commission (Review Board Number 2) denied the application. On June 25, 1973, the Commission (Division 1, acting as an Appellate Division) denied plaintiff's petition for reconsideration. On September 26, 1973, plaintiff filed the complaint in this action in which it sought review of the Commission's Order. On February 15, 1974, the Commission (Division 1, acting as an Appellate Division), on its own motion, reopened the proceeding for reconsideration on the existing record and on the same date again denied plaintiff's application.

"The scope of review of orders of the Interstate Commerce Commission is well defined and narrowly limited." Twin City Freight, Inc. v. United States, 360 F.Supp. 709, 712 (D.Minn.1972). "Our review is limited to ascertaining whether the Commission's decision was rational and based on substantial evidence." Nationwide Carriers, Inc. v. United States, 380 F.Supp. 1132, 1134 (D.Minn.1974). "An applicant has the burden of showing that the proposed service ' * * * is or will be required by the present or future public convenience and necessity' ". Quickie Transport Co. v. United States, 169 F.Supp. 826, 828 (D.Minn.), aff'd per curiam, 361 U.S. 36, 80 S.Ct. 140, 4 L.Ed.2d 111 (1959), *quoting in part* 49 U.S.C. § 307(a).

In Pan American Bus Lines Operations, 1 M.C.C. 190, 203 (1936), the Commission set forth standards for determining whether an application for a certificate of public convenience and necessity should be granted:

In determining whether new operating authority should be granted pursuant to Section 207 of the Act, we must decide whether the new operation or service will serve a useful public purpose, responsive to a public demand or need; whether this purpose can or will be served as well by existing carriers; and whether it can be served by applicant with the new operation or service proposed without endangering or impairing the operations of existing carriers contrary to the public interest.

In John Novak Contract Carrier Application, 103 M.C.C. 555, 557 (1967), "the Commission held that shippers supporting an application must show the commodities shipped or received, the points within which that traffic moved, the volume of freight to be tendered to the applicant, the present transportation services used, and the deficiencies in existing service. As explained in Ashworth Transfer Inc. Extension—Explosives, 111 M.C.C. 652, 661 (1970), the purpose of the [*Novak*] evidentiary guidelines is to provide the Commission with enough information to determine what, if any, the transportation needs of the shippers really are." Twin City Freight, Inc. v. United States, *supra*, 360 F.Supp. at 712.

In its Order dated February 15, 1974, the Commission found that "the evidence of record [failed] to establish even a *prima facie* case of public need for applicant's proposed service within the guidelines expressed" in *Novak*, *supra*, 103 M.C.C. at 557:

It further appearing, That applicant has failed to demonstrate that the needs of its supporting shippers are not being adequately met by those motor carrier services already available, a factor which is basic in establishing a public need for the proposed service [citations omitted]; that the controlling test is not whether existing service is perfect but rather whether the service provided by existing carriers is reasonably adequate to meet the needs of the shipping public [citation omitted]; and that we cannot, from the record before us, conclude that existing carriers are either unwilling ·or unable to provide the needed service, or

that other circumstances are present which would warrant a grant of authority [citation omitted].

Although the adequacy of existing carriers to meet the present and future needs of the shipping public is not the sole test in determining whether public convenience and necessity exist, Feature Film Service, Inc. v. United States, 349 F.Supp. 191, 201 (S.D.Ind.1972), the adequacy of existing service is "an important ingredient in the determination of shipper need, and hence public convenience and necessity." Nationwide Carriers, Inc. v. United States, *supra*, 380 F.Supp. at 1136. It is true, as plaintiff argues, that such factors as successful past operations and operating economies which would result from a single-line service as opposed to a connecting-line service are also entitled to consideration in determining public need. However, implicit in the Commission's findings was the conclusion that these factors alone, under the circumstances of the instant application, were not sufficient to carry plaintiff's burden to make an affirmative showing that the issuance of the application would be in the public convenience and necessity. Furthermore, while it is true that limitations on the various protesting carriers' authority to serve certain areas or limitations on their ability to provide certain equipment may be termed deficiencies, the Commission concluded "that the controlling test is not whether existing service is perfect but rather whether the service provided by the existing carriers is reasonably adequate to meet the needs of the shipping public." In applying that test, the Commission determined that plaintiff "failed to demonstrate that the needs of its supporting shippers [were] not being adequately met by those motor carrier services already available." On the record before us, we find that the Commission correctly applied the standards and guidelines set forth above and that its decision was rational and based on substantial evidence.

██ In Burnham Van Service, Inc., Household Goods—13 States, 98 M.C.C. 58 (1965), aff'd sub nom. United Van Lines, Inc. v. United States, 266 F.Supp. 586 (E.D.Mo.1967), the Commission held that specific standards would be applied to an applicant for a certificate of public convenience and necessity when it appears that a connecting-line service is or is likely to be terminated by one of the participants. *See also* Cartwright Van Lines, Inc., Extension—California, 114 M.C.C. 303 (1971), aff'd, Cartwright Van Lines, Inc. v. United States, 373 F.Supp. 579 (W.D.Mo.1973). The applicant may be granted a certificate under the "loss of interline" theory if it shows (1) that the cancellation of the connecting-line service occurred (or was about to occur) through no fault of its own, (2) that it made diligent efforts to obtain a new connecting-line agreement and was unable to do so, (3) that the public made substantial use of the connecting-line, and (4) that the loss of the connecting-line traffic would have a serious adverse effect on it. It appears that plaintiff provided a connecting-line service for one of its shippers by an agreement with an existing carrier, Econ, Inc., which decided to sell its certificate to another carrier, Mason & Dixon Lines, Inc. Mason & Dixon Lines, Inc. indicated that it was not interested in continuing the service if it involved participation in plaintiff's tariffs. From the record, we believe it was rational for the Commission to conclude that plaintiff did not carry its burden of proving the "loss of interline" theory under the *Burnham* standards set forth above and that its finding that the evidence did not warrant the granting of a certificate based on that theory was correct.

We have fully considered all other arguments of plaintiff and view them as being without merit. We conclude that the Commission's Order dated February 15, 1974, is based on adequate findings supported by substantial evidence in the record and that the action of the Commission was not unreasonable, arbitrary, or capricious.

The Complaint is dismissed.