MIDWEST COAST TRANSPORT,
INC., Plaintiff,

v.

UNITED STATES of America and Inter-
state Commerce Commission,
Defendants,

and

Kansas-Arizona Motor Express, Inc.,
Intervening Defendant.

No. CIV 74–4036.

United States District Court,
D. South Dakota, S. D.

April 14, 1975.

James R. Becker, May, Johnson & Burke, Sioux Falls, S. D., for plaintiff.

William F. Clayton, U. S. Dist. Atty., for the District of South Dakota, Sioux Falls, S. D., Thomas E. Kauper, Asst. Atty. Gen., and John H. D. Wigger, Atty., Dept. of Justice, Washington, D. C., for defendant United States of America.

Fritz R. Kahn, Gen. Counsel, and James Kurth, Atty., Interstate Commerce Commission, Washington, D. C., for defendant Interstate Commerce Commission.

David V. Vrooman, Sioux Falls, S. D., and Bruce E. Mitchell, Serby & Mitchell, P. C., Atlanta, Ga., for intervening defendant.

Before BRIGHT, Circuit Judge, and NICHOL and BENSON, Chief District Judges.

## OPINION OF THE COURT

NICHOL, Chief District Judge.

Kansas-Arizona Motor Express, Inc. (hereinafter Kansas-Arizona) applied to the Interstate Commerce Commission under Section 209 of the Interstate Commerce Act, 49 U.S.C. Sec. 309, for a permit authorizing operation as a contract motor carrier. The application, as subsequently amended, sought permission to operate as a contract carrier by motor vehicle over irregular routes transporting meats, meat products and by-products, dairy products, and articles distributed by meat packing-houses, from the plant sites of John Morrell & Co. (hereinafter Morrell), located at Sioux Falls, South Dakota, and Estherville, Iowa, to points in New Mexico, Arizona, California and El Paso, Texas.[1]

1. The original application, filed under Commission Docket Number MC 109307 (Sub-No. 15), sought authority to transport the commodities involved from the Morrell plant site at Ottumwa, Iowa, in addition to the two locations mentioned above. The Ottumwa point was deleted from the application when Morrell closed that facility.

Following publication of notice of the filing of the application in the Federal Register, several common carriers filed protests. Among the protestants was the plaintiff herein, Midwest Coast Transport, Inc. (hereinafter Midwest Coast). Acting under Rule 247(e)(3) of its Rules of Practice, 49 C.F.R. Sec. 1100.247(e)(3), the Commission ordered that the application be handled pursuant to its modified procedure. In modified procedure cases, evidence is received in the form of verified written statements. Kansas-Arizona and Morrell, the supporting shipper, filed such statements in this proceeding, as did Midwest Coast and Little Audrey's Transportation Company as protestants. Midwest Coast, acting pursuant to the Commission's Rule 53(a), 49 C.F.R. Sec. 1100.-53(a), requested an oral hearing to cross examine the witness for the supporting shipper. The Commission's Review Board Number 3 by order denied the request for oral hearing and granted the application of Kansas-Arizona. Subsequently, Midwest Coast, a common carrier with its principal office in Sioux Falls, South Dakota, petitioned for reconsideration of the order granting the application, and renewed its request for oral hearing. Division 1 of the Commission, acting as an appellate division, denied the petition. At this point the proceeding before the Commission became administratively final, and the filing of the complaint in this case ensued. Plaintiff's requests for a temporary restraining order, and a preliminary injunction, have been previously denied.

The complaint, which names the Commission and the United States as defendants, seeks to have this court set aside, vacate and annul the orders of the Commission. Kansas-Arizona, applicant in the proceeding before the Commission, has intervened as a defendant in this case.[2]

This court has jurisdiction of the case under 28 U.S.C. Sec. 1336. Judicial re-

view is authorized by 49 U.S.C. Sec. 17(9). A three-judge district court has been convened to hear and determine this cause, pursuant to 28 U.S.C. Sec. 2325, and in accord with the provisions of 28 U.S.C. Sec. 2284. Venue is proper under 28 U.S.C. Sec. 1398. The case is under submission on briefs and the record, the parties having waived oral argument.

## I.

## SCOPE OF REVIEW

The judicial function in a case of this nature can accurately be described as rigidly circumscribed. Section 10(e) of the Administrative Procedure Act (hereinafter A.P.A.), 5 U.S.C. Sec. 706, provides in pertinent part as follows:

To the extent necessary to decision and when presented, the reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action. The reviewing court shall—

(1) . . .

(2) hold unlawful and set aside agency action, findings, and conclusions found to be—

(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

.     .     .     .     .     .

(E) unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute

.     .     .     .

In making the foregoing determinations, the court shall review the whole record or those parts of it cited by a party, and due account shall be taken of the rule of prejudicial error.

---

2. 28 U.S.C. Sec. 2323 provides that any party in interest to a proceeding before the Commission may appear as parties on their own motion in any court action challenging the validity of any order or requirement entered in the Commission proceeding.

The two provisions ("A" and "E") of section 10(e)(2) are properly viewed as "separate standards." Bowman Transportation, Inc. v. Arkansas-Best Freight System, Inc., 419 U.S. 281, 284, 95 S.Ct. 438, 441, 42 L.Ed.2d 447 (U.S.1974).[3] "(T)hough an agency's finding may be supported by substantial evidence, . . . it may nonetheless reflect arbitrary and capricious action." *Id.* at 284, 95 S.Ct. at 441. In this case, the plaintiff asserts that the challenged agency action was both arbitrary and capricious and unsupported by substantial evidence.

■■ Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. Labor Board, 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1938). The Supreme Court has recently reiterated that "(t)he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Bowman Transportation, supra,* 419 U.S. at 284, 95 S.Ct. at 441 n. 2, *quoting* Universal Camera Corp. v. Labor Board, 340 U.S. 474, 488, 71 S.Ct. 456, 95 L.Ed. 456 (1951).

■ Under section 10(e)(2)(A) of the A.P.A., the "arbitrary and capricious" standard,

the scope of review is a narrow one. A reviewing court must 'consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment. . . . Although this inquiry into the facts is to be searching and careful, the ultimate standard of review is a narrow one. The court is not empowered to substitute its judgment for that of the agency.' The agency must articulate a 'rational connection between the facts found and the choice made.' (Citations omitted). *Bowman Transportation, supra,* 419 U.S. at 285, 95 S.Ct. at 442.

Having summarized the applicable scope of review, the court will proceed to consider the merits of the plaintiff's claims in this case.

## II.

## ORAL HEARING ISSUE

As indicated previously in this opinion, the Commision directed that the application of Kansas-Arizona be handled under modified procedure. Midwest Coast then requested an oral hearing for the purpose of cross examination, pursuant to the Commission's Rule 53(a). That Rule provides as follows:

If cross examination of any witness is desired the name of the witness and the subject matter of the desired cross examination shall, together with any other request for oral hearing, including the basis therefor, be stated at the end of defendant's statement or complainant's statement in reply as the case may be. *Unless material facts are in dispute,* oral hearing will not be held for the sole purpose of cross examination. 49 C.F.R. Sec. 1100.53(a) (emphasis added).

The Commission, in its order dated October 1, 1973, denied the requested oral hearing, stating that

inasmuch as the evidence of record is adequate to determine the issues involved and *there are no material facts in dispute,* no useful purpose will be served by an oral hearing and the request will be denied . . . .

(Emphasis added).

Midwest Coast contends that this denial of the requested oral hearing, and the denial of a second similar request, was violative of administrative due process. Midwest Coast disagrees, in essence, with the Commission's conclusion that there were no material facts in dispute. Plaintiff does not, it should be noted, challenge the modified procedure *per se.*

---

3. *See also* Citizens to Preserve Overton Park v. Volpe, 401 U.S. 402, 413, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971).

■ This court has examined with care the verified statements of the various witnesses presented to the Commission, and this court finds itself in agreement with the conclusion of the Commission that "there are no material facts in dispute." Most certainly, this court cannot say that the Commission's denial of the requested cross examination was so arbitrary and capricious as to deny due process. The Commission did not abuse its discretion in this matter. The requested cross examination was denied consonant with Rule 53(a), *supra*.

## III.

## THE KANSAS–ARIZONA APPLICATION

■ The consideration of an application for a permit to operate as a contract carrier by motor vehicle involves essentially a two-step process. It must first be found, as the Commission did in this case, that the proposed operation qualifies as that of a "contract carrier by motor vehicle," as that term is defined by 49 U.S.C. Sec. 303(a)(15). Midwest Coast does not challenge the Commission's finding that Kansas-Arizona so qualifies.

The second step in the procedure requires that the application and the evidence be measured against the language of 49 U.S.C. Sec. 309(b), which provides that a permit shall be issued if

the proposed operation, to the extent authorized by the permit, will be consistent with the public interest and the national transportation policy declared in this Act; otherwise such application shall be denied.[4]

The section goes on to enumerate five criteria that the Commission must consider in ascertaining whether the proposed operation is consistent with the public interest and the national transportation policy. The five are:

(1) the number of shippers to be served by the applicant, (2) the nature of the service proposed, (3) the effect which granting the permit would have upon the services of the protesting carriers and (4) the effect which denying the permit would have upon the applicant and/or its shipper and (5) the changing character of that shipper's requirements. 49 U.S. C. Sec. 309(b) (numbering added).

■ In I.C.C. v. J–T Transport Co., 368 U.S. 81, 82 S.Ct. 204, 7 L.Ed.2d 147 (1961), the Supreme Court indicated that each of the five criteria must be given consideration, and that no single criterion deserves "special solicitude." *J–T Transport, supra*, at 89, 82 S.Ct. 204. It is for the Commission to evaluate the evidence directed toward the often competing criteria, and reach an appropriate result.

The order of the Commission granting the permit indicates to this court that the Commission did indeed weigh each of the competing elements. With regard to the number of shippers to be served, it is conceded by plaintiff that Kansas-Arizona made the strongest showing possible.

The Commission recognized in its order that Midwest Coast would be subject to a diversion of traffic if the application were granted, and likewise recognized that denial of the permit would adversely affect both Kansas-Arizona and Morrell. The order and findings indicate as well that the Commission was cognizant of the shipper's changing distribution patterns in California.

■ The Commission's order indicates that the nature of the proposed service was considered in reaching the decision that the permit sought should be granted. Midwest Coast points to John Novak Contract Carrier Application, 103 M.C.C. 555 (1967), and suggests that the evidentiary standards enunciated there were not met in this case. In that case the Commission directed, with a view toward insuring the presentation of adequate evidence upon

4. The National Transportation Policy, as enunciated by Congress, is set out prior to 49 U.S.C. Sec. 1.

which to base a reasoned decision, that testimony of supporting shippers must identify the commodities involved, the points between which traffic moves, the volume of freight to be tendered the applicant, and the service now used, and any deficiencies in that service. The plaintiff argues that evidence is lacking with regard to most of these areas. The *Novak* guidelines are procedural rules, not binding substantive regulations. *Cf.* American Farm Lines v. Black Ball Freight Service, 397 U.S. 532, 538–39, 90 S.Ct. 1288, 25 L.Ed.2d 547 (1970). Notwithstanding that, this court is of the opinion that substantial evidence was submitted in the proceeding before the Commission bearing on each of the *Novak* guidelines.

██ Because this court is of the opinion that the actions of the Commission subject to review in this case are supported by substantial evidence, as defined previously in this opinion, and are neither arbitrary nor capricious, and are otherwise in accord with the law, it is the conclusion of this court that the plaintiff's requested relief should be denied on the merits.