ROSS EXPRESS, INC., Petitioner,

v.

UNITED STATES of America and Interstate Commerce Commission, Respondents.

No. 75–1289.

United States Court of Appeals, First Circuit.

Argued Dec. 1, 1975.

Decided Feb. 10, 1976.

Grenville Clark, III, Manchester, N. H., with whom McLane, Graf, Greene, Raulerson & Middleton, Manchester, N. H., was on brief, for petitioner.

Lloyd John Osborn, Atty., Interstate Commerce Commission, Washington, D. C., with whom Fritz R. Kahn, Gen. Counsel, Thomas E. Kauper, Asst. Atty. Gen., and John H. D. Wigger, Atty., Dept. of Justice, Washington, D. C., were on brief, for respondents.

Richardson & Tyler, Kenneth B. Williams, Boston, Mass., Barrett & Barrett, and John F. O'Donnell, Milton, Mass., on brief for interveners.

Before COFFIN, Chief Judge, McENTEE and CAMPBELL, Circuit Judges.

McENTEE, Circuit Judge.

This is a petition for review of a final order of the Interstate Commerce Commission denying the application of petitioner, Ross Express, Inc. ("Ross"), for a certificate of public convenience and necessity under § 207(a) of the Interstate Commerce Act, 49 U.S.C. § 307(a).

On September 4, 1973, Ross filed an application with the Commission seeking authorization to operate in interstate commerce as a common carrier by motor vehicle for the transportation of general commodities [1] between all points within the state of New Hampshire.[2] The application was protested by several existing common carriers who contended that present service was adequate and that certification of another carrier would be disruptive of the already highly competitive trucking market in New Hampshire.

The Commission considered the application under its modified procedure, 49 C.F.R. § 1100.45 *et seq.*, which provides for the submission of evidence in affida-

---

1. Ross' application excepted certain classes of commodities, but this fact is not material to resolution of this appeal.

2. Ross sought the authorization in order to be able to transport *within* New Hampshire shipments whose origin or destination was outside the state. (Ross already transports within the state shipments which have neither an out-of-state origin nor an out-of-state destination; such intrastate shipments are exempt from the jurisdiction of the Interstate Commerce Commission.) If Ross were granted the authorization it sought, it would transport within New Hampshire interstate shipments to the extent that other interstate carriers chose to transfer shipments to it. The process of transferring shipments from an interstate carrier to a carrier like Ross is known as "interlining."

vit form with oral examination of witnesses being limited to instances of material factual disputes. On the basis of the affidavits submitted by Ross (and its supporting witnesses) and by the protestants, the Commission's Review Board No. 2 decided, on October 17, 1974, that Ross had failed to establish that the present or future public convenience and necessity required the proposed operation. Ross petitioned for reconsideration, and, on June 12, 1975, the Commission affirmed the Review Board's decision. This appeal followed.

■ At the threshold we note that an applicant for a certificate has the burden of establishing that the proposed service is or will be required by the public convenience and necessity. *Alton Railroad Co. v. United States*, 315 U.S. 15, 25, 62 S.Ct. 432, 86 L.Ed. 586 (1942); *Tri-State Motor Transit Co. v. United States*, 369 F.Supp. 1242, 1244 (W.D.Mo.1973); *Quickie Transport Co. v. United States*, 169 F.Supp. 826, 829 (D.Minn.), *aff'd mem.*, 361 U.S. 36, 80 S.Ct. 140, 4 L.Ed.2d 111 (1959).

■ The scope of our review of Commission decisions concerning certification is quite narrow, viz. "whether the action of the Commission is supported by 'substantial evidence' . . . ." *Illinois Central Railroad Co. v. Norfolk & Western Railway Co.*, 385 U.S. 57, 66, 87 S.Ct. 255, 260, 17 L.Ed.2d 162 (1966). *See also Warren Transport, Inc. v. United States*, 525 F.2d 148 (8th Cir. 1975); *Nationwide Carriers, Inc. v. United States*, 380 F.Supp. 1132, 1134 (D.Minn.1974); *M. & M. Transportation Co. v. United States*, 128 F.Supp. 296, 302 (D.Mass.), *aff'd mem.*, 350 U.S. 857, 76 S.Ct. 102, 100 L.Ed. 762 (1955). Congress has delegated to the Commission the authority to make the complex decision as to certification *vel non*, and the Commission is to draw on its wisdom and experience in making that decision. *McLean Trucking Co. v. United States*, 321 U.S. 67, 87–88, 64 S.Ct. 370, 88 L.Ed. 544 (1944). *See also United States v. Pierce Auto Freight Lines, Inc.*, 327 U.S. 515, 536, 66 S.Ct. 687, 90 L.Ed. 821 (1946). We delib-

erately set forth these principles which delineate the Commission's function and our own on these matters, because this is the first case to arise in this circuit under the recently enacted statute providing for review of Commission decisions by the courts of appeals rather than by three judge district courts as formerly. Pub.L. No. 93–584, § 5 (Jan. 2, 1975), amending 28 U.S.C. § 2321. *See Warren Transport, Inc. v. United States, supra.*

■ In an attempt to make clear to applicants what kind of evidence should be adduced to make possible intelligent evaluation of an application for a certificate, the Commission, in a 1967 decision, provided the following guidance:

"[S]hippers and consignees supporting an application for the transportation of property are asked to 'identify clearly the commodities they ship or receive, the points to or from which their traffic moves, the volume of freight they would tender to applicant, the transportation services now used for moving their traffic, and any deficiencies in existing services.' This is the minimum showing expected of any applicant seeking a grant of motor carrier authority." *John Novak Contract Carrier Application*, 103 M.C.C. 555, 557 (1967).

Ross contends strenuously on this appeal that the criteria enunciated in *Novak* ought not to be applied here since they have been discredited by subsequent judicial action. In support of this contention Ross cites only one case, *Twin City Freight, Inc. v. United States*, 360 F.Supp. 709 (D.Minn.1972). The *Twin City* case however, does not represent judicial disapproval of the *Novak* standards, but simply indicates that they need not be met in a case where there is other substantial evidence of the existence of a public need for an applicant's service. *Id.* at 712–13. *Twin City* in no way suggests that the *Novak* guidelines are not ordinarily just and intelligent means for furnishing the Commission with the information it requires to act in

accordance with its statutory mandate.[3] Several courts have explicitly or implicitly endorsed the *Novak* guidelines, *see, e. g., Midwest Coast Transport, Inc. v. United States*, 391 F.Supp. 1209, 1213–14 (D.S.D.1975); *Artus Trucking Co., Inc. v. Interstate Commerce Commission*, 377 F.Supp. 1224, 1230–31 (E.D.N.Y.1974); *Yellow Forwarding Co. v. Interstate Commerce Commission*, 369 F.Supp. 1040, 1046 (D.Kan.1973); *Richard Dahn, Inc. v. Interstate Commerce Commission*, 335 F.Supp. 337, 339 (D.N.J.1971). We agree that the *Novak* evidentiary standards were properly formulated by the Commission to help it intelligently to determine whether a certificate of public convenience and necessity should be granted.[4]

 In the instant case, the Commission ruled that the evidence adduced by Ross fell "short of the degree of proof necessary to enable us intelligently to determine that the present and future public convenience and necessity require the proposed operation . . . ." We have examined the record in its entirety and we agree that the *Novak* criteria were not met. As the Commission found, the "shippers' statements consist chiefly of vague and generalized assertions that they desire applicant's service." Moreover, in this case—unlike the situation in *Twin City, supra*—the Commission did not have before it other substantial evidence upon which it might have justified a decision to grant certification.

■ Ross also argues that the Commission failed to understand—or at least failed to indicate that it understood—the particular nature of the application especially with regard to "interlining," *see*

n. 2 *supra.* While a reviewing court should not have to speculate as to the basis for an agency's decision, *Northeast Airlines, Inc. v. Civil Aeronautics Board*, 331 F.2d 579, 586 (1st Cir. 1964), we think that the Commission's decision in this case was sufficiently clear as to both the type of service for which certification was sought and the reasons for its denial. *Cf. Bowman Transportation, Inc. v. Arkansas-Best Freight System, Inc.*, 419 U.S. 281, 286, 95 S.Ct. 438, 42 L.Ed.2d 447 (1974).

*Affirmed.*

---

3. "[T]he purpose of the evidentiary guidelines is to provide the Commission with enough information to determine what, if any, the transportation needs of the shippers really are." *Twin City Freight, Inc. v. United States, supra* at 712.

4. The Interstate Commerce Act does not define the term "public convenience and necessity." Congress vested the Commission with broad discretion for determining what constitutes public convenience and necessity. *Interstate Commerce Commission v. Parker*, 326 U.S. 60, 65, 65 S.Ct. 1490, 89 L.Ed. 2051 (1945). *See also Schaffer Transportation Co. v. United States*, 355 U.S. 83, 88, 78 S.Ct. 173, 2 L.Ed.2d 117 (1957). We note, however, that this litigation might have been avoided had the evidentiary guidelines been established in rule making proceedings, and published as regulations.