## ACE DORAN HAULING & RIGGING CO., Petitioner,

v.

## UNITED STATES of America and Interstate Commerce Commission, Respondents.

### No. 75–2105.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 11, 1976.

Decided Dec. 15, 1976.

John P. McMahon, A. Charles Tell, George, Greek, King, McMahon & McConnaughey, Columbus, Ohio, for petitioner.

R. Craig Lawrence, Raymond Michael Ripple, Gen. Counsel, I. C. C., Washington, D. C., James T. Proctor, Robert B. Nicholson, Washington, D. C., Edward H. Levi, Atty. Gen., Dept. of Justice, John H. D. Wigger, Washington, D. C., for respondents.

Before PHILLIPS, Chief Judge, and McCREE and ENGEL, Circuit Judges.

PER CURIAM.

Petitioner seeks review in this court of an order of the Interstate Commerce Commission, Docket No. MC–112304 (Sub-No. 65), which granted in part and denied in part petitioner's application for a certificate of public convenience and necessity under Section 207(a) of the Interstate Commerce Act, 49 U.S.C. § 307(a). Jurisdiction lies in this court pursuant to 28 U.S.C. § 2342.

Petitioner is a common carrier which possesses a "heavy hauler's" certificate. The authority granted by that certificate is restricted to the transportation of commodities in interstate commerce, the size and weight of which requires the use of special equipment for loading and unloading. Petitioner's difficulties with the ICC originated on April 22, 1969 with the ICC's issuance of an order in *Ace Doran Hauling & Rigging Co., Investigation of Operations,* 108 M.C.C. 717, interpreting the "heavy hauler" certificate as permitting the transportation of only such "bundled" or "aggregated" iron and steel commodities which required heavy equipment by virtue of the commodities' inherent nature. The Commission's order was affirmed in *Pittsburgh & New England Trucking Co. v. United States,* 345 F.Supp.

743 (W.D.Penn.1972), *aff'd,* 409 U.S. 904, 93 S.Ct. 235, 34 L.Ed.2d 169. The district court held that the interpretation of the heavy hauler certificate was within the expertise and discretion of the Commission and constituted a rational attempt to draw a line between the heavy haulers and the general commodities haulers. The question was not one of technological progress but simply "an economic conflict between two groups of carriers competing for certain available traffic." *Pittsburgh & New England Trucking Co., supra,* at 751.

Petitioner contends that the Commission's order and its affirmance by the district court created some confusion in the carrier industry in the implementation of the heavy hauler certificate. To "clarify" its existing size and weight authority, petitioner submitted an application for a certificate of public convenience and necessity for the right to transport within the same geographical boundaries "all iron and steel articles". Petitioner contends, however, that notwithstanding the evidentiary support of shippers which detailed the numerous items of iron and steel transported by petitioner, the Administrative Law Judge arbitrarily limited the certificate to

> "structural steel, iron and steel angles, bars, channels, conduits lath, piling, pipe, posts, rails, rods, roofing, tubing and wire in coils."

Petitioner basically argues that it is unnecessary to submit proof of shipper support for every conceivable iron and steel product to warrant the grant of a generic "steel and iron" certificate and the 70 items so submitted are sufficiently representative to warrant the generic description. Petitioner thus requests this court to set aside the Commission's order as arbitrary and capricious and unsupported by substantial evidence. 5 U.S.C. § 706(2)(A).

The gist of petitioner's argument is that the instant proceeding before the Commission was necessary to clarify its authority to transport various iron and steel items and that the proper clarification to cure the confusion wrought by the Commission's interpretation of the heavy hauler certificate would be the recognition that petitioner had indeed transported all types of iron and steel commodities and that the Commission should therefore ratify petitioner's past practices by the formalization of petitioner's authority in a certificate of public convenience and necessity.

■ We believe petitioner's position obfuscates the issue by attempting to shift the burden of proof upon the Commission to explain why it had restricted some alleged prior right of petitioner's. What prior right petitioner did possess under the heavy hauler certificate was interpreted by the Commission in an order affirmed by a district court and the Supreme Court. The scope of petitioner's operating rights have thus been conclusively determined. What petitioner presently seeks is a *new* grant of authority under Section 207 of the Act. Accordingly, it is the petitioner which must sustain the burden of proof of establishing the requisite public convenience and necessity. *Ross Express, Inc. v. United States,* 529 F.2d 679 (1st Cir. 1976); *Tri-State Motor Transit Co. v. United States,* 369 F.Supp. 1242, 1244 (W.D.Mo.1973).

■ Petitioner introduced into evidence the testimony of supporting shippers and certain exhibits which summarized the articles of iron and steel transported by petitioner. Our review of the evidence indicates that petitioner had in the past transported in sufficient quantity a number of iron and steel articles which were subject to question under the order of the Commission interpreting the heavy hauler certificate. The testimony of the supporting shippers discloses their reliance upon petitioner for the continued shipment of these various articles. It is these questionable articles which the Commission granted petitioner in its application for public convenience and necessity. We do not find, however, that the Commission erred in limiting the grant of authority to the above named items. Petitioner has not cited any specific evidence in the record nor do we find support for the contention that petitioner had regularly transported iron and steel articles the size and weight of which did not require the use

of special equipment. Nor did the supporting shipper testimony indicate a need that the petitioner should transport such items. We, therefore, conclude that substantial evidence supports the Commission's decision denying a certificate which would authorize the carrier to transport all iron and steel articles. Nor do we find the order of the Commission in any way arbitrary or capricious.

Affirmed.