**WARD TRUCKING CORP., Petitioner,**

**v.**

**The UNITED STATES of America and the Interstate Commerce Commission, Respondents,**

**Central Storage & Transfer Co. of Harrisburg, Intervenor.**

**No. 77–1220.**

United States Court of Appeals, Third Circuit.

Argued Nov. 28, 1977.

Decided March 22, 1978.

Henry M. Wick Jr., Charles J. Streiff, Wick, Vuono & Lavelle, Pittsburgh, Pa., for petitioner.

---

Robert B. Nicholson, Daniel J. Conway, Dept. of Justice, Washington, D. C., for respondent United States of America.

Carl E. Howe, Jr., I. C. C., Washington, D. C., for respondent Interstate Commerce Commission.

Christian V. Graf, Harrisburg, Pa., for intervenor.

Before GIBBONS and VAN DUSEN, Circuit Judges, and FISHER, District Judge.*

## OPINION OF THE COURT

CLARKSON S. FISHER, District Judge.

This petition for review of an order of the Interstate Commerce Commission raises the question whether Ward Trucking Co., (hereinafter Ward), a party to the Interstate Commerce Commission certification hearing, which voluntarily withdrew from that proceeding after acceptance of a restrictive amendment by the Administrative Law Judge, should be permitted to reopen those hearings because of a failure to include that or any similar restriction in the certificate of convenience given Central Storage and Transfer Company (hereinafter Central). It is the deletion of this restriction by the Commission which precipitated this petition.

On November 29, 1974, Central, intervenor here, sought a certificate of public convenience and necessity authorizing it to operate as a motor common carrier in (1) interstate and foreign commerce between Harrisburg, Pa. and various counties in Pennsylvania, (2) foreign commerce between Philadelphia and various counties in Pennsylvania, and (3) interstate and foreign commerce between York, and various counties in Pennsylvania.[1] Sixteen carriers opposed the granting of the application.

Faced with this formidable opposition, Central proposed a restrictive amendment to modify its application whereby it excluded motor vehicles from the commodities to be transported, deleted the proposed York route and reduced to four the number of counties to be served out of Philadelphia. The amendment was accepted by the Commission's Office of Hearings and based upon this amendment, several carriers opposing Central withdrew their opposition. This modified application was heard before an Administrative Law Judge in October of 1975, during which Central produced a total of seventeen witnesses. On the second day of the hearings Central's attorney proposed another restrictive amendment to the application which basically excluded interline[2] traffic to and from points in certain counties surrounding Harrisburg. Counsel for the carriers, including Ward, agreed to the amendment. As presented, the amendment excluded motor carrier interline traffic to and from points in the Counties of Blair, Centre, Franklin, Huntingdon, Juniata, Mifflin and Perry.

The Administrative Law Judge accepted the restrictive amendment with the comment that "The amendment is clearly restrictive and is accepted." As a result of this acceptance, Ward and two other carriers withdrew their opposition and, upon request, were excused from the hearing. Central then proceeded to present the remainder of its evidence.

In the decision of the Administrative Law Judge the second restrictive amendment had been reworded to read as follows: "Restriction: Service to or from points in Blair, Centre, Franklin, Huntingdon, Juniata, Mifflin, or Perry Counties is restricted to the transportation of traffic originating at or destined to points in said counties."[3]

---

* Honorable Clarkson S. Fisher, United States District Judge for the District of New Jersey, sitting by designation.

1. Central was already a state authorized intrastate carrier.

2. Interlining refers to the practice of transferring within a state, shipments whose destination or origin was outside the state. *Ross Exp.*

*Inc. v. United States,* 529 F.2d 679, 680 n. 2 (1st Cir. 1975).

3. Respondent states in its brief that "the apparent reason for the ALJ's rewording of the amendment was to comport with the Commission's guidelines for such amendments . . . ." Brief for Respondents at 5. *Ward Trucking Corp. v. Interstate Commerce Commission,* C.A. docket No. 77–1220 (3d Cir.).

Ward did not object to this modification. On December 12, 1975 the Commission's Review Board No. 3 stayed the initial decision and modified certain parts of the order which are not relevant to this appeal.

On January 12, 1976 Ward filed a petition for reconsideration with the Commission, contending that the Administrative Law Judge was in error for changing the restriction which had been agreed to by the parties. This petition was denied. On May 27, 1976 the Commission's Division 1, acting as an appellate division, reopened the proceeding on the existing record and completely deleted the restriction from Central's authority.

Ward now seeks to have the Commission's decision denying the reopening reversed as having been an arbitrary and capricious action on the part of the Commission and further that their decision is unsupported by substantial evidence. 5 U.S.C. § 706(2)(A) and (E).

It is conceded that the Commission is not bound by restrictions which have been stipulated by the parties where such restrictions fail to achieve results consistent with the public interest and inimical to practicable and effective regulation. It is further conceded that the Commission need not accept restrictions in the specific form in which they are offered.

■ The problem here, however, lies in the question as to whether or not, after the Commission decided not to accept the restrictions stipulated by the parties, or as amended by the Administrative Law Judge, Ward should have been allowed to reopen the proceedings to present evidence on the application. We are of the opinion that this evidence should have been accepted and we therefore reverse and remand the proceedings with directions that the matter be reopened to permit Ward to go forward with its proofs.

In a case somewhat similar, *Refrigerated Transport Co. v. United States,* 297 F.Supp. 5 (N.D.Ga.1969) the applicant filed for a certificate of convenience and necessity with three proposed restrictions. A number of objections were filed and the hearing examiner recommended denial of the application. A Commission Review Board refused to accept the recommendation and granted the application deleting, however, the three restrictions in the application and adding two different restrictions without notice or hearing. In remanding the matter to the Commission for further hearings, the three-judge court held, at 9, that "[p]laintiffs should have been given a hearing and an opportunity to urge that it was wrong and to show, if they could, the pernicious consequences they now claim."

The I.C.C. and Central urge upon us that parties to certification proceedings are charged with knowledge of prior Commission precedent, *Frozen Foods Express Inc. v. United States,* 328 F.Supp. 666, 669 (N.D. Tex.1971), and Commission precedent holds that the Commissioner may reject the hearing examiner's findings. *See, Bowman Transportation v. Ark.–Best Freight System,* 419 U.S. 281, 297–299, 95 S.Ct. 438, 42 L.Ed.2d 447 (1974); *National Freight Inc. v. United States,* 359 F.Supp. 1153 (D.N.J. 1973).

In effect we are urged by appellees that by its withdrawal from the original hearing Ward became foreclosed from further participation. We think not under the factual setting here, because we would then be left, as we are now, without an adequate record to determine the propriety of the Commission's action.

■ A certificate of necessity may only be issued upon a determination that there is a "present or future public convenience or necessity." 49 U.S.C. § 307(a). Congress has determined that the Commission, with its expertise in the field of transportation, shall have the power to determine what is in the public convenience and necessity. 49 U.S.C. § 301 *et seq.,* specifically § 304. *Artus Trucking Co., Inc. v. I. C. C.,* 377 F.Supp. 1224 (E.D.N.Y.1974); *Hudson Transit Lines, Inc. v. United States,* 314 F.Supp. 197 (D.N.J.1970). This Court may set an agency decision aside that is found to have been "arbitrary, capricious, an abuse of discretion or otherwise not in accord with the

law," 5 U.S.C. § 706(2)(A), or if the decision is "unsupported by substantial evidence," 5 U.S.C. § 706(2)(E).

We are not persuaded that there is sufficient evidence on the record, as it is presently composed, to support a finding of substantial evidence. For the same reason it would be inappropriate for us to try and decide if the action of the Commission was arbitrary, capricious or unsupported by the law. It may well be that the decision here under review is a correct one, but this decision was made on the basis of a hearing and recommendation without Ward having an opportunity to reopen the proceedings and produce evidence which might well bring the Commission to a different conclusion.

We hold under these circumstances that Ward and other interested carriers should be given the opportunity to urge their position supported by whatever proofs they deem in their best interest to introduce.

Therefore, we grant the petition for review and remand the proceedings for action by the Commission consistent with this opinion.